# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 24-2643

**Case Name** X Corp. v. Center for Countering Digital Hate, Inc., et al.

**Counsel submitting this form** J. Jonathan Hawk

**Represented party/parties** Appellant X Corp.

*Briefly describe the dispute that gave rise to this lawsuit.*

Starting in at least March 2021, Appellees Center for Countering Digital Hate, Inc. ("CCDH US") and Center for Countering Digital Hate Ltd. ("CCDH UK," collectively "CCDH") engaged in a series of unlawful acts to improperly gain access to protected X Corp. data, so CCDH could cherry-pick from the hundreds of millions of posts each day on the X platform ("X") and falsely claim it had statistical support showing X is overwhelmed with harmful content. CCDH did this intending to embark on a scare campaign to drive away advertisers from X.

CCDH intentionally and unlawfully accessed data in two ways. CCDH US, as a registered user of X, scraped data from X's platform in violation of the express terms of its agreement with X Corp. CCDH also conspired with Appellee Stichting European Climate Foundation ("ECF") -- in knowing and intentional violation of its contractual obligations, and knowing of CCDH's intended use of the X Corp. data -- to improperly share login credentials with CCDH US to a secured database that CCDH then accessed, and retrieved information from, on multiple occasions without authorization.

CCDH, in turn, selectively quoted data it obtained via those methods in at least one purported "report," dated February 9, 2023. It did so out of context to make it appear as if X is overwhelmed by harmful content, and then used that contrived narrative to call for companies to stop advertising on X. In direct response to CCDH's efforts, some companies have paused their advertising spend on X, and X incurred costs and employee time to investigate the impermissible access to data and enforce its agreements, among other losses.

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 7**                                                                                       *Rev. 09/01/22*

*Briefly describe the result below and the main issues on appeal.*

On March 25, 2024, the District Court granted Appellees CCDH's motion to strike under California's anti-SLAPP statute (Cal. Code Civ. P. section 425.16) and motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF 75), and Appellee ECF's motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2) and motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF 76). The District Court dismissed Appellant's operative First Amended Complaint without granting leave to amend, and entered judgment in Appellees' favor and against X Corp. (ECF 77).

The main issues on appeal are whether the District Court properly granted Appellees' motions, including without providing X Corp. with leave to amend its complaint, and entered judgment in Appellees' favor.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Appellees CCDH have filed a motion for fees pursuant to Cal. Code Civ. P. section 425.16. That motion is pending, with a hearing date of June 21, 2024. There are no other proceedings remaining below.

**Signature** s/ J. Jonathan Hawk     **Date** April 30, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                   *Rev. 09/01/22*

2