No. 24-2643

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

X CORP.,

*Plaintiff-Appellant*,

v.

CENTER FOR COUNTERING DIGITAL HATE, INC.;
CENTER FOR COUNTERING DIGITAL HATE LTD.;
STICHTING EUROPEAN CLIMATE FOUNDATION,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of California
Civil Case No. 3:23-cv-03836
(Honorable Charles R. Breyer)

**PLAINTIFF-APPELLANT X CORP.'S
MOTION TO LIFT ABEYANCE**

Appellant X Corp. ("X") respectfully moves this Court to exercise its inherent authority over its docket to lift the order holding this appeal in abeyance, entered on April 8, 2025, and to restore the case to the Court's argument calendar. This appeal presents the question whether the district court erred when it concluded that X's state-law claims do not satisfy Rule 12(b)(6), thus striking those claims under California's statutory regime governing "Strategic Lawsuits Against Public Participation" ("anti-SLAPP") and dismissing them. Opening Br. at 4, Dkt. No. 18.1. After the completion of briefing, this Court removed this appeal from the June 5, 2025, Pasadena argument calendar and held it in abeyance "pending issuance of the

mandate in *Gopher Media LLC, et al. v. Melone, et al.*, No. 24-2626." Order at 1, Dkt. No. 70.1. This Court had ordered supplemental briefing in *Gopher Media* about whether it should consider two issues en banc, neither of which is dispositive of this appeal: (1) whether California's anti-SLAPP statute applies in federal court, and (2) whether the denial of a motion to strike under California's anti-SLAPP statute is immediately appealable under the collateral order doctrine. Order, *Gopher Media LLC v. Melone*, No. 24-2626 (9th Cir. Nov. 5, 2024), Dkt. No. 49.1.

This Court ultimately heard *Gopher Media* en banc, ruling only on the second issue and dismissing the case for lack of jurisdiction. *Gopher Media LLC v. Melone*, 154 F.4th 696, 699 (9th Cir. 2025). On the *Gopher Media* appellants' motion, Mot. to Stay Issuance of Mandate, *Gopher Media LLC v. Melone*, No. 24-2626 (9th Cir. Oct. 14, 2025), Dkt. No. 92.1, this Court then stayed issuance of the mandate pending the filing and disposition of a petition for writ of certiorari. Order, *Gopher Media, LLC v. Melone*, No. 24-2626 (9th Cir. Oct. 27, 2025), Dkt. No. 95.1. Because the *Gopher Media* appellants moved for that stay, a petition is presumably being prepared and will be timely filed. The stay thus effectively extends the period of abeyance of this appeal at least several months even if the Supreme Court denies the *Gopher Media* petition and much longer if the Supreme Court grants the petition and hears the case. And if the Court then reverses this Court's jurisdictional decision, the stay of the mandate will presumably not be lifted until this Court decides on remand

2

whether California's anti-SLAPP statute applies in federal court, which could delay progress of this case for a period of years.

Further delay of this appeal—several months at a minimum, but possibly years—is unwarranted because neither of the issues in *Gopher Media* is ultimately dispositive here. The jurisdictional question in *Gopher Media* has no bearing on this appeal because this is not an interlocutory appeal of the denial of a motion to strike, but rather an appeal from a final judgment striking and dismissing X's state-law claims. Nor could this appeal be disposed of by this Court's determination on remand in *Gopher Media* that California's anti-SLAPP statute does not apply in federal court because the district court here granted Defendants-Appellees' motions to strike *and* dismiss, both on the grounds that X's state-law claims do not satisfy the Rule 12(b)(6) standard. 1-ER-3, 35, 68, 82, 84. Accordingly, even if California's anti-SLAPP statute did not apply to X's state-law claims, this Court would still have to review the district court's dismissal under Rule 12(b)(6).

Because this appeal involves issues independent from those in *Gopher Media*, continuing to hold this appeal in abeyance would not serve judicial economy and would unnecessarily delay resolution of the parties' dispute. Lifting the abeyance will facilitate a prompt and orderly resolution of this appeal.

Defendants-Appellees do not oppose this motion.

For these reasons, X requests that this Court lift the order holding this case in abeyance and restore it to the argument calendar.

Dated: December 10, 2025      Respectfully submitted,

James Jonathan Hawk      /s/ Charles J. Cooper
MCDERMOTT WILL & EMERY      Charles J. Cooper
2049 Century Park East      David H. Thompson
Suite 3200      Peter A. Patterson
Los Angeles, CA 90067      John D. Ohlendorf
(310) 788-4181      Athanasia O. Livas
jhawk@mwe.com      COOPER & KIRK, PLLC
     1523 New Hampshire Avenue, N.W.
     Washington, DC 20036
     (202) 220-9600
     ccooper@cooperkirk.com

*Attorneys for Plaintiff-Appellant X Corp.*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system, which will transmit the foregoing document via email to all counsel of record.

Dated: December 10, 2025                   /s/ Charles J. Cooper
                                           Charles J. Cooper
                                           *Counsel for Plaintiff-Appellant*