# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Charles J. Cooper  
ccooper@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9660  
Fax (202) 220-9601

January 8, 2026

**VIA ECF**
Molly C. Dwyer
Clerk of the Court
Ninth Circuit Court of Appeals
95 7th Street
San Francisco, CA 94103

Re: *X Corp. v. Center for Countering Digital Hate, Inc., et al.*, No. 24-2643 (9th Cir.)

Dear Ms. Dwyer:

Appellee CCDH's recent letter, Doc. 74, purportedly filed pursuant to F.R.A.P. 28(j), violates Rule 28(j) for multiple reasons and should be struck.

Rule 28(j) authorizes parties to file a 350-word letter to bring to the Court's attention new "pertinent and significant authorities" that bear on the issues presented in this appeal. The matters presented by CCDH's filing—media speculation about the State Department's revocation of Mr. Ahmed's green card, CCDH's complaint against Secretary Rubio, and the Southern District of New York's TRO—are not authoritative legal sources that bear on the *legal issues* in this case. They have nothing to do with the jurisdictional, statutory, or contract and tort law issues presented in this appeal. Instead, they are presented to somehow bolster CCDH's (incorrect) *factual* claim that "this case is about punishing Defendants for their

January 8, 2026
Page 2

speech." Doc. 74.1 at 2. CCDH's letter is thus an attempt "to supplement the record with new evidence," and "Rule 28(j) is not designed to bring new evidence through the back door." *Cottonwood Env't L. Ctr. v. Olson*, 2024 WL 4578980, at *1 n.1 (9th Cir. Oct. 25, 2024) (cleaned up). CCDH's filing is also more than sixty words over Rule 28(j)'s 350-word limit. Accordingly, the filing should be struck.

If the Court declines to strike the letter, we emphasize that the State Department's action in fact *undermines* CCDH's factual narrative and *confirms X's*. As the State Department itself explained, its revocation action was based on Appellees' "organized efforts to coerce American platforms to censor, demonetize, and suppress American viewpoints they oppose." https://perma.cc/D9NS-T36G (Dec. 23, 2025). That accords with Congress's independent determination that CCDH collaborated with the Biden Administration to suppress disfavored online speech. *See* HOUSE JUDICIARY COMMITTEE, THE CENSORSHIP-INDUSTRIAL COMPLEX 21–24, 35–37, 46–50 (May 1, 2024), https://perma.cc/3R3A-SU7F. CCDH's anti-speech activities are precisely what led to the unlawful actions at issue in this case. Accordingly, investigations by both the Executive and Legislative Branches have confirmed that CCDH's *modus operandi* is to engage in precisely the sort of anti-speech, tortious conduct alleged in X's complaint.

January 8, 2026
Page 3

          Respectfully,

          /s/Charles J. Cooper

          Charles J. Cooper
          David H. Thompson
          Peter A. Patterson
          John D. Ohlendorf
          Athanasia O. Livas
          COOPER & KIRK, PLLC
          1523 New Hampshire Avenue, N.W.
          Washington, DC 20036
          (202) 220-9600
          ccooper@cooperkirk.com

          *Counsel for Plaintiff-Appellant*

cc: Counsel of Record