Kaplan Martin

Kaplan Martin LLP
1133 Avenue of the Americas, Suite 1500
New York, NY 10036

(212) 316-9500
rkaplan@kaplanmartin.com

September 25, 2026

**BY CM/ECF**
Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

*Re:* *X Corp. v. Center for Countering Digital Hate, Inc., et al.*, 24-2643

Dear Ms. Dwyer:

We write on behalf of Defendants-Appellees Center for Countering Digital Hate, Inc. and Center for Countering Digital Hate Ltd. (collectively, "CCDH") in response to X Corp.'s letter citing *Moxie Pest Control (Utah) LLC v. Nielson*, 164 F.4th 1195 (10th Cir. 2026), Dkt. 83.1. That case is not binding and provides no basis to depart from this Court's reading of *Van Buren v. United States*, 593 U.S. 374 (2021).

In *Moxie*, the Tenth Circuit disagreed with this Court's reading of *Van Buren* in *hiQ Labs, Inc.*, which limits damages under the CFAA to "technological harms." 164 F.4th at 1200 n.4 (citing *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1195 n.12 (9th Cir. 2022), and the district court's decision here, as contrary authority). Although the judges of this Court "look to the reasoning of other circuits … for guidance, [they] are bound only by decisions rendered in this circuit." *Gunther v. Wash. Cnty.*, 623 F.2d 1303, 1320 (9th Cir. 1979), *aff'd*, 452 U.S. 161 (1981).

X Corp.'s claims fail under *Moxie* in any event. The Tenth Circuit was careful to explain that its reading did not mean that "*all* investigative costs fall under [the CFAA]": only costs "necessary *to respond* to [a CFAA] offense" qualify—"expenses related to business harms" do not. 164 F.4th at 1201 (quoting *Ryanair DAC v. Booking Holdings, Inc.*, 2024 WL 3732498, at *14 (D. Del. June 17, 2024)) (emphasis in original). Moxie's pleading survived because it alleged an investigation "focused on the identity of and methods used by an offender and the extent of the offender's access." *Id.* at 1202 (quotations omitted). Here, it is impossible that X Corp.'s "employee resources and time" or "attorneys' fees" incurred in connection with its "internal investigations" were needed to identify CCDH or its methods, since the "nature and scope" of CCDH's access was "documented explicitly in its public reports." *X Corp. v. Ctr. for Countering Digital Hate, Inc., et al.*, 724 F. Supp. 3d 948, 980 (N.D. Cal. 2024) (quoting Tr. of 2/29/24 Hr'g at 22:3-7). X. Corp.'s costs are, at best, "business harms," which *Moxie* excludes.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan
D. Brandon Trice
KAPLAN MARTIN LLP
1133 Avenue of the Americas, Suite 1500
New York, NY 10036
Tel: (212) 316-9500
rkaplan@kaplanmartin.com
btrice@kaplanmartin.com

*Attorneys for Defendants-Appellees Center for Countering Digital Hate, Inc. and Center for Countering Digital Hate Ltd.*

cc: Counsel of Record (via ECF)